# IN THE COURT OF APPEALS OF IOWA

No. 21-1935
Filed August 3, 2022

**JL CONSTRUCTION SERVICES, LLC,**
　　Plaintiff-Appellant,

**vs.**

**ALEX BIXBY,**
　　Defendant-Appellee.

_____

　　Appeal from the Iowa District Court for Butler County, Colleen D. Weiland,

Judge.

　　JL Construction Services, LLC, appeals from judgment entered in this action

arising from an oral construction contract. **AFFIRMED.**

　　Elizabeth M. Wayne, Parkersburg, for appellant.

　　Paul Demro of Correll, Sheerer, Benson, Engels, Galles & Demro, P.L.C.,

Cedar Falls, for appellee.

　　Considered by Bower, C.J., and Tabor and May, JJ.

**BOWER, Chief Judge.**

JL Construction Services, LLC, appeals from judgment entered in this action arising from an oral construction contract.

Jesse Nitcher is the owner-operator of JL Construction Services, LLC ("JL"), which primarily engages in residential construction services. Nitcher sometimes works with independent contractors when he needs additional labor.

In the fall of 2016, Alex Bixby spoke with Chris Buseman about needed repairs to his roof, facia, and window wraps due to hail damage. Buseman sometimes assists Nitcher as an independent contractor. Buseman spoke to Nitcher about Bixby. Nitcher submitted a November 27, 2016 written estimate in the amount of $9785 for JL to perform the work Bixby needed—$8050 of which was for installing a corrugated steel roof on top of an existing roof at Bixby's residence and replacing a corrugated steel roof on Bixby's garage. Bixby agreed to JL's terms.

Nitcher and Buseman did the roof work in August 2017. The additional work contemplated was not completed at that time. Nitcher testified he gave Bixby a bill for work done on August 31, 2017. Bixby testified that he was never asked for payment and the agreement was that payment would be made when the work was completed.

In December 2017, Bixby experienced leaking from his roof, which damaged insulation and sheetrock he had recently installed on his second floor. Bixby testified he rented a boom lift to get on the roof in the middle of the night. He saw a tear on a rubber boot installed around a pipe, leaving an inch-and-a-half space between the boot and the pipe where water was running down the pipe and

into the attic. Bixby took the vent pipe out and routed it through a window and patched the roof with a piece of steel. In the spring, Bixby permanently fixed the roof with two new pieces of steel.

JL contacted Bixby in January 2018 about doing the rest of the work. Bixby told Nitcher he had arranged for someone else to finish the job.

Counsel for JL sent Bixby a notice to cure on November 28, 2018, asserting JL was seeking "recovery of the amount of $8933.83 including interest on which you are alleged to be in default" for materials and construction labor provided. An attached invoice, dated November 6, reads:

| DESCRIPTION | AMOUNT |
|---|---|
| Install 2x4 nailers to roof of house and new steel panels to roof as discussed. Install new steel panels to garage roof as discussed (removal of existing steel by owner) | |
| All materials to complete project. | $5,526 |
| Labor to complete project. | $2,523.59 |
| Total $8050.00 | |
| 30 days past due | 120.75 |
| 60 days past due | 122.56 |
| 90 days past due | 124.40 |
| 120 days past due | 126.27 |
| 150 days past due | 128.15 |
| 180 days past due | 130.08 |
| 210 days past due | 132.03 |
| TOTAL | $8,933.83 |

Make all checks payable to JL Construction Services LLC
If you have any questions concerning this invoice contact me at 319-240-2538
1.5% interest rate will occur if not paid in full 30 days prior to billing date

Another notice to cure was sent to Bixby on November 1, 2019, now seeking recovery of $11,855.30.[1]

On July 1, 2020, JL sued Bixby. A recast petition asserts, in pertinent part:

> 3. That [JL] and [Bixby] entered into an oral contract for construction at [Bixby]'s residence. A written estimate was given to [Bixby]. The estimate included installing 2x4 nailers to roof and install new steel panels, install new aluminum fascia, install new steel panels to garage only, wrap all windows with coil stock. A copy of the job estimate is attached hereto.
>
> 4. That on or about August 18, 2017, [JL] started construction as agreed upon between the parties.
>
> 5. That on or about August 28, 2017, the terms of this agreement were fulfilled by [JL]. The work actually completed included installing 2x4 nailers and new steel panels to roof of house and installing new steel panels to the garage roof. Additional work added by [Bixby] included installing new steel fascia and new window wrap to windows.
>
> 6. That on August 30, 2017, [JL] hand delivered his invoice in the amount of $8050.00 for the roof construction only and an invoice in the amount of $10,185.00 which included the roof construction as well as additional work that was verbally requested by [Bixby].
>
> 7. That [Bixby] has failed to make any payment for the products and services as agreed.

JL sought judgment for $11,855.30 plus interest.

Bixby answered and asked the petition be dismissed because his performance on his contractual obligations was excused by JL's defective workmanship. Bixby counterclaimed, asserting that as a result of JL's "failure to perform his work in a professional and workmanlike manner" his home "suffered water damage resulting in costly repair to the interior of the home." Bixby asserted he "should be compensated" for his damages "or said amounts should be offset against any award" for JL.

---

[1] The amount listed for materials and labor was $8050 and includes these "past due" amounts: $1574.72 ("1st year past due"), $1882.77 ("2nd year past due"), and $347.81 ("3rd year/2 months past due"). The total came to $11,855.30.

At trial, Nitcher testified he did not recall any problems installing the boot. He claimed if there had been a significant tear on the boot during installation, he would have replaced it. Nitcher acknowledged "there was no interest called for in this construction agreement."

After the bench trial, the court made these findings:

> The cause of Bixby's damages was clearly the boot failure. The primary decision to make here is whether JL installed the boot incorrectly or whether an intervening cause resulted in the boot tearing away from the pipe. The court believes Bixby's statement that the boot was damaged when he saw it *in situ.* The court further finds that Bixby did not tear the boot during its removal. It is possible that the pipe did move during some of Bixby's home rehabilitation but does not accept that such movement would have caused that much damage to the boot. It is more likely that the boot was not installed properly. It was not a minor problem, and the court finds a breach.
> Bixby has proven his consequential damages arising from JL's breach. *See R.T.T. Corp. v. Frank Paxton Co. Inc.,* 329 N.W.2d 416, 421 (Iowa 1983). Even if JL substantially performed, Bixby is entitled to "offsets for defects in the builder's work and for omissions from the contract." *Palmer v. Glasbrenner*, [No. 03-0492, 2004 WL 1159736, at *2 (Iowa Ct. App. May 26, 2004) (citation omitted].

Both parties filed motions to enlarge, amend, and modify. JL asserted it was entitled to finance charges on the unpaid balance of accounts receivable pursuant to Iowa Code section 535.11 (2017) and Bixby was given notice of the finance charge on bills, which Nitcher testified he hand-delivered in August 2017. JL notes, "Although the finance charge language on JL's bills appears to contain a typo and says payment is due 30 days *prior to* billing date, it does lay out the 1.5% interest rate, which is less than allowed by statute."

The court modified its damages calculations, awarding JL $8050 and Bixby $2689.01. With respect to the finance charge, the court found JL

> did not prove that billings provided to [Bixby] included a notice of finance charge or that any notice it did provide complied with Iowa

Code [section] 535.11(2). [Nitcher] conceded that interest was not a term of the parties' agreement. Accordingly, the court should not have awarded the finance charge as part of [JL's] damages.

JL appeals, asserting the court erred in denying its requested eighteen percent annual finance charge and in finding merit in Bixby's counterclaim.

We review for correction of errors at law. *See* Iowa R. App. P. 6.907. Consequently, the district court's findings are binding on us "if supported by substantial evidence." Iowa R. App. P. 6.904(3)(a). Because there is substantial evidence to support the court's findings and no error in its conclusions, we affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (b), (e).

**AFFIRMED.**